IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv9

| | |
|---|---|
| KATHY CASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for supplemental security income. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & # 15]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 15], **DENY** Plaintiff's Motion for Summary Judgment [# 11], and **AFFIRM** the decision of the Commissioner.

   I.   **Procedural History**

Plaintiff filed an application for supplemental security income on April 27, 2012. (Transcript of Administrative Record ("T.") 160.) The application had a

protective filing date of April 11, 2012. (T. 20, 81.) The Social Security Administration denied Plaintiff's claims. (T. 103-06.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 107-116.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 43-68.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 20-31.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council. (T. 1-4). Plaintiff then brought this action seeking review of the Commissioner's decision.

    **II.**    **Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity.  Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.  If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III. The ALJ's Decision**

In his April 11, 2012, decision the ALJ found that Plaintiff has not been disabled under the Social Security Act since April 11, 2012.  (T. 31.)  The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since April 11, 2012, the application date (20 CFR 416.971 *et seq.*).

(2) The claimant has the following severe impairments: status-post mitral valve replacement surgery, coronary artery disease, systemic lupus erythematosus, lupus nephritis, chronic kidney disease, obesity, a depressive disorder, and an anxiety disorder (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she should not have concentrated exposure to pulmonary irritants. She is able to perform and maintain concentration for simple, routine, repetitive tasks and adapt to routine changes in a work setting. The claimant is limited to work that requires no more than occasional interaction with the public, co-workers, or supervisors.

(5) The claimant has no past relevant work (20 CFR 416.965).

(6) The claimant was born on February 10, 1980 and was 32 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

(7) The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

(8) Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

(10) The claimant has not been under a disability, as defined in the Social Security Act since April 11, 2012, the date the application was filed (20 CFR 416.920(g)).

(T. 22-31.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social

security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. Listing 14.02

At step three of the five step inquiry, the ALJ must determine whether the

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, Subpart P. Mastro, 270 F.3d at 177; 20 C.F.R. § 416.920(a)(4)(iii). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 891 (1990); see also Bennett v. Sullivan, 917 F.2d 157, 160 (4th Cir. 1990). A finding that a claimant's impairment meets one of the listing of impairments is sufficient to establish disability. 20 C.F.R. § 404.1520(a)(4)(iii).

In her legal memorandum submitted to the ALJ, Plaintiff's representative argued that Plaintiff met the criteria for Listing 14.02. (T. 218.) Listing 14.02 addresses systemic lupus erythematosus ("SLE"). 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 14.00D1. One documents and evaluates SLE as follows:

> a. General. Systemic lupus erythematosus (SLE) is a chronic inflammatory disease that can affect any organ or body system. It is frequently, but not always, accompanied by constitutional symptoms or signs (severe fatigue, fever, malaise, involuntary weight loss). Major organ or body system involvement can include: Respiratory (pleuritis, pneumonitis), cardiovascular (endocarditis, myocarditis, pericarditis, vasculitis), renal (glomerulonephritis), hematologic (anemia, leukopenia, thrombocytopenia), skin (photosensitivity), neurologic (seizures), mental (anxiety, fluctuating cognition ("lupus fog"), mood disorders, organic brain syndrome, psychosis), or immune system disorders (inflammatory arthritis). Immunologically, there is an array of circulating serum auto-antibodies and pro- and anti-coagulant

proteins that may occur in a highly variable pattern.

b. Documentation of SLE. Generally, but not always, the medical evidence will show that your SLE satisfies the criteria in the current "Criteria for the Classification of Systemic Lupus Erythematosus" by the American College of Rheumatology found in the most recent edition of the Primer on the Rheumatic Diseases published by the Arthritis Foundation.

Id. In order to satisfy the listing criteria for Listing 14.02, a claimant must suffer from SLE as described in 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 14.00D1 and must demonstrate:

A. Involvement of two or more organs/body systems, with:

1. One of the organs/body systems involved to at least a moderate level of severity; and

2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

or

B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:

1. Limitation of activities of daily living.

2. Limitation in maintaining social functioning.

3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpart P., App'x 1 § 14.02; see also Kelly v. Colvin, Civil

Action No. 0:12-3325-TMC, 2014 WL 811563, at *6 (D.S.C. Mar. 3, 2014) (unpublished).

Plaintiff contends that the ALJ erred by only conducting a perfunctory analysis of listing 14.02. Specifically, Plaintiff contends that the ALJ erred by failing to address the criteria for Listing 14.02 and failing to explain in the decision why Plaintiff's condition did not meet the listing. In addition, Plaintiff contends that she can make out a prima facie case that she satisfies Listing 14.02A.

The ALJ found that Plaintiff's SLE was a severe impairment. (T. 22.) The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. (T. 23.) At step three, the ALJ first found that:

> The undersigned considered the listing level impairments presented in 20 CFR Part 404, Subpart P, Appendix 1. Following a review of the evidence of record, however, the undersigned notes the claimant's impairments do not reach the level of severity as required by the Listings.

(T. 24.) The ALJ then went on to specifically address Listings 12.04 and Listing 12.06. (T. 24-25.) The ALJ, however, did not specifically address Listing 14.02 at step three.

Although the ALJ did not specifically address Listing 14.02, the ALJ considered the medical evidence related to SLE in determining Plaintiff's RFC.

(T. 26-29.) In fact, the ALJ examined this medical evidence at length and determined that her lupus and kidney-related diagnoses were well controlled and that her 2009 mitral valve replacement and coronary artery bypass grafting resulted in a marked improvement in her cardiac conditions. (Id.) Finally, the ALJ noted in his RFC determination that:

> the claimant's representative asserted (in Exhibit 8E) that the claimant's physicians opined that her immune system disorder met or equaled Listing 14.02 A and B; however, the undersigned finds no evidence that such an opinion was offered by any treating or examining source. Moreover, the undersigned independently considered all potential Listings presented in 20 CFR Part 404, Subpart P, Appendix 1, and as noted above, found that the claimant's impairments do not reach the level of severity as required by the Listings.

(T. 30.) The Court finds that the ALJ did not err in determining that Plaintiff did not meet Listing 14.02.

The ALJ specifically stated in his decision that he considered Listing 14.02 and found that Plaintiff did not satisfy the criteria for this listing. (T. 30.) Moreover, the ALJ specifically considered the medical evidence in the record related to Plaintiff's SLE and Listing 14.02. (T. 25-30.) While perhaps the ALJ could have more directly addressed Listing 14.02 at step three when he addressed Listings 12.04 and Listing 12.06, the ALJ did not commit reversible error by failing to do so because the ALJ considered the relevant evidence at step four. See

McCarthey v. Apfel, 28 F. App'x 277, 279 (4th Cir. 2002) (unpublished) ("As to McCartney's unsubstantiated claim that the ALJ must have analyzed the medical evidence at step three, rather than at step four, we agree with the district court that the ALJ need only review medical evidence once in his decision."); Smith v. Astrue, 457 F. App'x 326, 328 (4th Cir. 2011) (unpublished). Moreover, there is no strict requirement that the ALJ specifically address each of the listing criteria. Shelton v. Colvin, No. 1:12-CV-279, 2013 WL 3816607, at *3 (W.D.N.C. Jul 22, 2013) (Whitney, C.J.). "Generally, there are numerous applicable conditions, thus as long as the ALJ discusses relevant medical evidence and the record is sufficiently discussed, there is no error." Id. This is not a case where the ALJ failed to consider the relevant medical evidence or failed to provide any reason for why the Plaintiff did not meet a listing. Rather, the ALJ discussed the relevant evidence in his decision and provided sufficient reasoning for his decision to allow this Court to conduct judicial review. Compare Russell v. Chater, No. 94-2371, 1995 WL 417576, at * 3 (4th Cir. 1995) (unpublished); Shelton, 2013 WL 3816607 at 3 with Radford v. Colvin, 734 F.3d 288, 295-6 (4th Cir. 2013); Martin v. Colvin, No. 1:11CV408, 2014 WL 4114207, at *5 (M.D.N.C. Aug. 20, 2014). The Court finds that the ALJ sufficiently considered Listing 14.02 and did not perform a perfunctory or conclusory analysis that could potentially require remand.

Finally, substantial evidence supports the decision of the ALJ that Plaintiff did not meet listing 14.02. As the ALJ properly concluded, no treating or examining source concluded that Plaintiff satisfied the criteria for Listing 14.02. (T. 30.) And while Plaintiff contends that the evidence supports a finding that two of her organ/body systems (kidneys and heart) involved at least a moderate degree of severity, substantial evidence in the record supports the determination that these systems involved a less than moderate level of severity. The ALJ determined that after Plaintiff's 2009 surgery, "subsequent treatment records document marked improvement in the claimant's cardiac condition, which currently requires only low-dose aspirin therapy." (T. 28.) Substantial evidence in the record supports this finding. (See e.g. T. 430, 827-28, 833-34, 836-37, 1020.) Similarly, substantial evidence supports the determination that Plaintiff's kidney problems and lupus were well controlled by medication and were of less than moderate severity. (See e.g. T. 26, 28, 503, 780-81, 783-84, 788, 808, 871 915-16, 1004.) Accordingly, the Court finds that the ALJ did not err in assessing whether Plaintiff met Listing 14.02, the determination was supported by substantial evidence in the record, and remand is not required.

### B. The ALJ Fully Developed the Record

The ALJ is required "to explore all relevant facts and inquire into the issues

necessary for adequate development of the record . . ." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). The Commissioner also has the responsibility of developing the complete medical history for the claimant. 20 C.F.R. § 404.1512(d); 20 C.F.R. § 416.912(d). "Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980).

Plaintiff contends that the ALJ erred by failing to fully and fairly develop the record because the ALJ did not obtain an IQ test to assist in determining whether Plaintiff's alleged intellectual defects constitute a severe impairment. Here, the record before the ALJ was sufficiently complete for the ALJ to render a decision as to whether Plaintiff was disabled and the ALJ did not fail in his duty to adequately develop the record. The record contained Plaintiff's educational records, which the ALJ considered and relied upon in making his determination. (T. 30, 220, 229.) Put simply, there was sufficient evidence in the record for the ALJ to render his determination without ordering an IQ test. Moreover, the ALJ's determination was supported by substantial evidence in the record. Plaintiff completed the 8th grade and testified that she could read and write. (T. 48.) Between the 6th and 8th grade, Plaintiff tested between the 25th and 71st percentile in reading and the 22nd and 35th

percentile in math. (T. 224.) Again, the record before the ALJ contained ample evidence for the ALJ to make a determination as to Plaintiff's disability; the ALJ had no duty to develop the record further with regard to Plaintiff's intellectual functioning. The ALJ did not err by failing to order an IQ test in this case. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 15], and **DENY** Plaintiff's Motion for Summary Judgment [# 11].

### VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 15], **DENY** Plaintiff's Motion for Summary Judgment [# 11], and **AFFIRM** the decision of the Commissioner.

Signed: December 15, 2015

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).